HURLBUT vs. TAYLER, imp.

*March 5 — March 31, 1885.*

**Banks and banking: Insolvency: Unlawful dividends: Liability of transferee of stock.**

| 62 | 607 |
|---|---|
| f111 | 651 |

Under sec. 22, p. 600, R. S. (ch. 479, Laws of 1852), providing that every person becoming a shareholder in a banking corporation by transfer " shall in proportion to his shares succeed to all the rights and be subject to all the liabilities of prior shareholders," such transferee succeeds only to such liabilities as are incident to and grow out of the relation of stockholder and are common to all stockholders. The liability of the former owner to repay dividends unlawfully declared and received by him while the corporation was insolvent, does not, therefore, devolve upon the transferee.

APPEAL from the Circuit Court for *Brown* County.

This is an appeal by the plaintiff, in the same action as the appeals by the defendants Marshall and Kelly reported *ante*, p. 590, and is from an order sustaining the demurrer of the defendant *Joseph Tayler*, on the ground that the complaint did not state facts sufficient to constitute a cause of action against him. The special facts relating to said defendant are stated in the opinion.

For the appellant there was a brief by *Ellis, Greene & Merrill*, and oral argument by Mr. *Greene*. They argued, *inter alia*, that the liability of the respondent to repay the dividends received by him continues, notwithstanding the alienation of his stock. The liabilities to which the transferee of stock succeeds (under sec. 22, p. 600, R. S.) are those of the prior shareholder as such, based upon the ownership of the stock, and not the liability which that shareholder would be under as an individual. The statute is merely declaratory of the rule as, by the great weight of authority, it already existed. Thompson on Liability of Stockholders, § 210; Morawetz on Corp. §§ 320, 608, 609, 614. Its object was to settle the rule, and it should be construed in the light of the extent and operation of the prevailing doctrine before its enactment. By that doctrine the transfer was a novation by which the transferee came into privity of contract with the corporation and its creditors, and became subject to every *contract* liability of the prior stockholder, *founded on the stock*. Taylor on Corp. § 614; *Hawthorne v. Calef*, 2 Wall. 10–22; *Corning v. McCullough*, 1 N. Y. 47; *Carrol v. Green*, 92 U. S. 509; *Norris v. Wrenschall*, 34 Md. 492. Liability for the wrongs or misconduct of a shareholder did not devolve upon his assignee. Even when a statutory liability for debts was imposed on shareholders, not because they were shareholders, but as a penalty for wrong or misconduct, such liability rested only on the shareholder at the time the wrong was done. *Windham P. I. v. Sprague*, 43 Vt. 502; *Tracy v. Yates*, 18 Barb. 152; Thompson on Liability of

Stockholders, § 100; Morawetz on Corp. § 615. These were cases where liability was imposed for neglect of duty *as shareholders* and where the ownership of stock was essential to the liability. The reasoning applies with still more force where the liability is individual and would exist without such ownership, as is the case with the liability to pay back money received by a stockholder as a dividend when the corporation was insolvent. This liability is not contractual, but rests upon the ground that the payee has received money to which he has no right — that the payment is a fraudulent transfer of corporate assets which the creditors may follow and recover as trust funds. *Osgood v. Laytin*, 3 Keyes, 521; Thompson on Liability of Stockholders, §§ 18, 19; *Bank of St. Marys v. St. John*, 25 Ala. 566–609; *Curran v. State*, 15 How. 304; *Vose v. Grant*, 15 Mass. 517–522; *Bartlett v. Drew*, 57 N. Y. 587; *Gillet v. Moody*, 3 id. 479; *Lexington L. F. & M. Ins. Co. v. Page*, 17 B. Mon. 412; Taylor on Corp. § 656. This liability is, therefore, upon a different foundation from the liability to pay unpaid subscriptions to the capital stock. In reality an insolvent corporation has no capital stock. When its liabilities exceed its assets, including its capital stock, its capital stock is wiped out; its assets belong in equity to its creditors and the stockholders have no interest in them. Hence if the directors pay the stockholders from its funds money in the form of dividends, they do not pay them back their capital stock or any part of it, but the money of creditors. It is held that where a dividend has once been rightfully declared, but not paid, before assignment of the stock, the right to the dividend belongs to the assignor, because, when declared, the right to the dividend is not incident to or founded upon the stock. *Jermain v. L. S. & M. S. R'y Co.* 91 N. Y. 483, 492; *Boardman v. L. S. & M. S. R'y Co.* 84 id. 157, 177; 52 id. 203; *Wood v. Dummer*, 3 Mason C. C. 308. If the *right* to a dividend once declared does not pass to an assignee, the *liability* to re-

fund a dividend paid when the corporation was insolvent cannot pass to the assignee, for the same reason.

For the respondent the cause was submitted on the brief of *T. L. Kennan.* He contended that if the respondent was liable while a stockholder to refund the dividends received by him, that liability was transferred to the assignee of his stock. R. S. p. 600, sec. 22; *Cleveland v. Burnham,* 55 Wis. 598; Thompson on Liability of Stockholders, § 210. He also quoted at length from the opinion of the circuit judge sustaining the demurrer, among other things, as follows:

"   .   .   .   The liabilities transferred are such as are common *to* all shareholders as such. They are such only as attach to the relation of stockholder without requiring any wrongful act of the individual to create them. Such wrongful acts create liability of the individual and not the stockholder.   .   .   .   To which class of liabilities, those of the individual or the stockholder, does the liability to refund unauthorized dividends belong? I think it a liability of the stockholder, and stands in reference to the question under consideration on substantially the same footing as the liability to pay the unpaid portion of stock subscriptions.

" The dividends are declared or paid by the directors, or the officers or body clothed with the usual powers of directors. The amount is divided among the stock, it is credited to the stock, and the owner of the stock is entitled to it. If the dividend is a lawful division of a surplus fund — profits — before the division the stock owns the fund and is worth just so much more as the fund amounts to. By the payment of the dividend the value of the stock is diminished by just the amount of the dividend paid. If the dividend is unauthorized and diminishes the capital beyond its ability to meet the obligations of the company, its stock is diminished in value the same amount as if the dividend had been lawful. In case of the lawful dividend there is so much less

to secure; in case of the unlawful dividend there is a corresponding liability to refund. The substance of the situation is the same as if the stock were unpaid to the amount of the unlawful dividend. Whenever a corporation has aside from its stock more assets than liabilities, it has net profits; otherwise not; and any dividend paid without such profits must be paid out of and diminish the capital stock. If the dividend is ten per cent., after it is paid each share of stock stands where it would if only ninety per cent. of the subscription had been paid. Morawetz, Private Corporations, § 344, says, 'creditors would be entitled to treat such dividend as a repayment *pro tanto* of the capital pledged as security for their claims.' This is the substance of the situation, although the technical legal ground of liability to refund may be distinguished by some courts from the technical legal ground of liability to pay the unpaid portion of the stock subscription. In both instances the substance of the liability rests on the ground that the stockholders have in their possession assets of the corporation, which, as against its creditors, they ought not in good conscience to retain. [Quoting from Thompson on Liability of Stockholders, §§ 9, 12, 13, 18; *Mann v. Pentz*, 3 N. Y. 422; *Adler v. Milwaukee P. B. Mfg. Co.* 13 Wis. 57.]

"It appears from this exposition of the law that the two liabilities are in substance the same. They both grow out of the relation of stockholder; neither rests upon contract. Equally in the case of unpaid subscriptions and unauthorized dividends held subject to be refunded are the stockholders holders of the capital stock to the extent of their shares. . . . Equally in each case the liability attaches 'to the capital stock.' There is no more privity between the corporation and the transferee of the stock in the one case than in the other. Each liability is a sort of a lien or incumbrance on the stock.

"It is urged as an insuperable objection to this position

that the rule both by statute and at common law is that the transferee succeeds to all the rights as well as becomes subject to all the liabilities of prior stockholders, that it is settled that where a lawful dividend has been declared but not received by the stockholder before the assignment, it belongs to the assignor and not to the assignee, and that if the right to receive the declared dividend is not a right of the stockholder, the liability to repay it cannot be; that the right and liability are of the same nature. To my mind there is a distinction. A dividend declared out of profits is a lawful withdrawing of so much of the corporate assets and giving it to the individuals entitled to it. Says EARL, J., 91 N. Y. 492: 'When a dividend has once been declared out of net earnings, the amount of such dividend is no longer part of the assets of the company, but is appropriated or set apart for the shareholders. They receive credit for the dividends and the corporation simply holds them as their trustees. . . . But when the dividend has once been divided and credited to the stockholder, the amount thereof has been separated from the assets of the corporation and been appropriated to his (the stockholder's) use. It is no longer represented by his stock and is no longer an incident thereof, and hence where he transfers his stock he does not transfer his dividend, which remains subject to his credit.'

"After it has been cut off, lawfully severed from the stock and assets, it ceases in any way to be an incident of the stock. The right to have it passed to his credit was a right of the stockholder. But after it has been so passed, and the corporation simply holds the money as his trustee, the right to secure it from the trustee is the right of the individual. But there is no such separation from the capital stock of unauthorized dividends. The capital stock, or a portion of it, is the thing divided. Shares represent the capital stock, interests in its surpluses and liabilities in its deficiencies. As each share is entitled to its *pro rata* of surplus before divis-

ion, so it is liable for its *pro rata* of deficiency. Each is an incident of the stock."

ORTON, J. The general principles involved in this suit have already been considered on the appeals of the defendants Marshall and Kelly. In this case the demurrer of the defendant *Tayler* to the complaint was sustained. It appears that all the unlawful and unearned dividends upon the stock of the respondent, received by him, were received and appropriated by him before the appellant became a creditor of the bank, and that he had received no such dividends since January 1, 1883, and that he then ceased to be the owner of the stock by a transfer thereof to another, who held the same when the appellant became a creditor of the bank. As to his liability in this suit for such unlawful appropriation of the funds of the bank, sufficient has been said in the opinion on the other two appeals.

The only other question to be considered as specially affecting this defendant is whether, by such transfer of his stock to another, he also transferred his liability on account of the receipt of such unlawful dividends so received by him while he was the owner of such shares of the stock, to his transferee. Sec. 22, p. 600, R. S., provides that "the shares of such association shall be deemed personal property, and shall be transferable on the books of the association in such manner as may be agreed on in the articles of association; and every person becoming a shareholder by such transfer shall, in proportion to his shares, succeed to all the rights and be subject to all the liabilities of prior shareholders."

Under the plain and simple language of this statute the question will scarcely admit of argument. The liabilities to which the transferee of stock becomes subject, are such as in all cases must be common to all stockholders, and proportionate. If one stockholder should, by collusion with

the directors, and in fraud of all the other stockholders and of the creditors, obtain a portion of the funds of the bank under the pretext of regularly declared dividends upon his stock, when there were and could not be any earned or lawful dividends thereon, then and in that case, by a transfer of his stock thereafter, the transferee would not be subject to the liability to restore such fund to the bank, because such liability would not be common to all of the stockholders and proportionate to the whole stock or in proportion to his shares thereof. If the transferee is subject to such a liability at all, as contended by the learned counsel of the respondent, then such a case would be clearly outside of the statute, because his liabilities would not be "in proportion to his shares." The clear meaning of the language is that such transferee shall succeed to all the rights and be subject to all the liabilities incident to and growing out of his relation as a stockholder in common with all other stockholders "in proportion to his shares." This must be the measure of the rights to which he succeeds, and if so, it must be also the measure of the liabilities to which he becomes subject. The wrongful conduct of a person who happens to be at the time a stockholder, by which he has secured and appropriated to himself the funds and property of the corporation without the semblance of right or authority, is strictly *personal*, and however much he might wish to transfer his liability therefor to another, it would be beyond the province of legislation to allow him to do so. According to the complaint, the respondent did not receive these unlawful dividends as a stockholder, for as a stockholder he was not entitled to any. It was only under the *pretext* that, as a stockholder, he was receiving lawful dividends, when, in truth and in fact, he was unlawfully appropriating the funds of the bank, even when insolvent,— the officers and directors being accessory thereto,— that he is in substance charged in the complaint with having obtained them. But the statute is clear enough

in itself when read in the light of common reason, and any further elaboration is unnecessary.

Not intending any disrespect to the able counsel in not specially considering the points and authorities of their respective briefs which will be preserved in the case, I do not consider it necessary to say more in the construction of so plain a statute. The respondent is liable in this action, like all other persons who have unlawfully become possessed of the funds of this insolvent bank, to return them to the bank for the benefit of its creditors.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law and equity.